It is my view that Section 235.31, F.S.A., is entitled to a broader and more liberal construction than given it by the opinion of Mr. Justice SEBRING, to which I agree. This provision, when read with other pari materia Sections of Chapter 235, supra, discloses that the Legislature clearly intended to place with designated school officials the responsibility of establishing and maintaining such school plants in the several counties of Florida as were reasonably necessary to promote the health, comfort, moral and intellectual development of the school children of Florida. Fixed minimum standards are required by law of sites, buildings, courses of study and instructors in our public school system. This educational program is sustained by the taxpayers of Florida. The School Board of Leon County, under this educational program, by statute, is charged with certain official duties.
Chapter 235, supra, grants broad discretionary power and authority to a County School Board in awarding contracts for the construction of school buildings and other facilities incidental to the promotion of our public school educational program. Courts should not interfere with the exercise of the discretion so long as a School Board functions within the orbit of good faith, honesty and approved business methods. If these cardinal principles are disregarded and it clearly appears that the good faith rule is abandoned and supplanted by willful and arbitrary action, the aid of courts may then be sought. Such a construction renders immaterial many of the issues appearing in the case at bar.
The financial responsibility of the appellant, as shown by the record, was established by bank officials, representatives of insurance companies and a fellow contractor. There is a dearth of testimony showing or indicating incompetence or irresponsibility on the part of the appellant. An alleged error or mistake in a single transaction should not over-shadow an enviable business career in a given community for approximately a quarter of a century.